WILLIAM E. ALLEN and others v. JOHN CHAPPELL.

*County Court of Granville — Sale of Land for Partition.*

1. Under the provisions of ch. 41, Laws 1851–'2, the former County Court of Granville had authority to order the sale of land for partition.
2. When the record of the Court in such case shows no order of sale, but a report of sale, a new sale ordered and confirmed and a deed made to the purchaser, it sufficiently appears that such sale was made by *order of the Court.*

CIVIL ACTION to recover possession of Real Estate, tried at August Special Term, 1876, of GRANVILLE Superior Court, before *Seymour, J.*

The plaintiffs are heirs at law of one Charles Allen who died intestate in the year 1858, in possession of the land in controversy. In a proceeding had in the late County Court

of Granville under the provisions of ch. 41, Laws 1851–'2, said land was sold for partition in 1860, and bought by the defendant who has been in possession of the same since that time.

The plaintiffs insisted that they were entitled to recover upon the ground that the said County Court did not have jurisdiction of the action and that the proceedings therein did not show that any order of sale had been made. Thereupon the plaintiffs moved for judgment on the facts found by the jury, the substance of which is above stated. His Honor however being of opinion that said County Court had the jurisdiction and power exercised by it in said proceeding to sell said land for partition, refused the motion and gave judgment in favor of defendant. Appeal by plaintiffs.

*Messrs. L. C. Edwards* and *J. B. Batchelor*, for plaintiffs.
*Messrs. Busbee & Busbee* and *Merrimon, Fuller & Ashe*, for defendants.

FAIRCLOTH, J. The County and Superior Courts and the Court of Equity by early statutes had authority to order partition of lands among tenants in common, &c., and by the Act of 1812, the Court of Equity had authority to order a sale of such lands for division whenever it sufficiently appeared that actual partition could not be made without injury to some or all of the parties interested, and by the Act of Assembly of 1852, ch. 41., power to order such sales was conferred upon the County Court of Granville County, under the same rules, regulations and restrictions as applied to the Court of Equity in such cases. The plaintiffs filed a petition to sell the land in controversy in said County Court under said Act and the lands were sold and deed made to the defendant by the Clerk of the Court. One of the questions raised in this action was the jurisdiction of the Court

in said proceedings, the plaintiffs denying the same. We find that the preamble recites the reason, and that the Act in express terms confers the power, and we see no ground to doubt the jurisdiction.

The plaintiffs also insist that the record of said sale shows no order of sale by the Court, and that therefore no title passed and that they still have it, and they bring this action to establish their title in opposition to said sale and not under it for the purpose of enforcing it. The defendant offered evidence to prove payment of the purchase money, which was excluded and the plaintiffs excepted to the ruling of His Honor on the question of damages, but neither of these questions are of any importance, unless the plaintiffs can establish their first allegation, to wit; that they have the title. The record of the County Court appears regular in all respects except that it does not show an order of sale *prior* to the report of sale by the Clerk, but it shows that the report was set aside and "a new sale ordered" by the Court, which was had and confirmed and was completed by a deed to the purchaser, and it therefore sufficiently appears that said sale was made by order of the Court having jurisdiction.

If the plaintiffs were endeavoring to have said sale enforced in any manner as to collect the purchase money, &c., if in fact it has not been paid, then the questions of evidence touching payment, damages, &c., would be material and important, but at present they are not. We therefore affirm the judgment below without prejudice to the parties in any other form of proceeding.

No error. Let this be certified.

PER CURIAM.                    Judgment affirmed.