WILLIAM E. ALLEN and others v. JOHN CHAPPELL.

*County Court of Granville—Petition for Partition—Sufficiency of Petition.*

Where a petition (filed by a guardian in the County Court of Granville under the Act of 1851-'2, ch. 41,) recited that the infant petitioners were tenants in common of a certain tract of land, that the same was not sufficient to be divided in kind among the petitioners without materially injuring their pecuniary interests, and that their interests would be promoted by a sale and the placing of the funds arising therefrom so that they would be productive, and prayed for a sale and that the proceeds be paid to the guardian for the maintenance and support of the infant petitioners ; *Held*, that it was substantially an application for partition by sale and within the power of the Court under the Act.

PETITION to Rehear, filed by plaintiffs and heard at January Term, 1878, of THE SUPREME COURT.

*Messrs. J. B. Batchelor* and *L. C. Edwards,* for plaintiffs. *Messrs. Busbee & Busbee* and *Merrimon, Fuller & Ashe,* for defendants.

SMITH, C. J. This case was before the Court at January Term, 1877, (76 N. C. 287). We are now called upon to reconsider the decision then made, by a petition to rehear. The only error assigned is that the proceedings before the County Court of Granville, under which the defendant derives title, were not for partition, and in order thereto, a sale of the infant's land, but for a sale and re-investment of the fund, and therefore not within the jurisdiction of that Court under the Act of December 25th, 1852. Laws 1852-'53, ch. 41.

The sufficiency of the defendant's title under these proceedings, the record of which accompanies the case as an

exhibit, was the point upon which the case was disposed of in the Superior Court, and was necessarily involved in the judgment now to be reviewed. We have again carefully examined the record of the County Court of Granville, and our opinion remains unchanged, that it constitutes a case of application for partition and sale within the jurisdiction conferred by the Act. This will appear from an examination of the petition and action of that Court thereon.

The petition recites that the petitioners, five in number, " are tenants in common of a small tract of land of 80 acres mostly in forest, and has no settlement on it," and that their real estate " held by them as tenants in common is not sufficient to be divided amongst your petitioners, in kind without materially injuring their pecuniary interest," and that the interest of the petitioners "would be promoted by a sale of the same and the placing of the funds arising from such sale so that they would be productive." The prayer is for a sale of the land and that the moneys received on such sale be paid to the guardian for their maintenance and support. The Court ordered the sale, the land was sold by the Clerk, the sale reported and confirmed, the moneys arising from the sale paid to the guardian, and a deed of conveyance made by the Clerk to the defendant. The fund was not reinvested by order of the Court, nor was the Court asked to make such order, but the fund was paid over to the guardian.

We think this was substantially an application for partition, and partition was made by sale as authorized by law and within the power of the County Court of Granville under the Act. We therefore refuse to set aside the judgment and declare there is no error therein.

PER CURIAM. Petition refused.